TERRITORY OF MONTANA, appellant, *v.* MCELROY, respondent.

INDICTMENT—*officer taking illegal fees.* An indictment against a party for taking illegal fees, as a justice of the peace, must allege that he was such officer.

*Appeal from the Second District, Deer Lodge County.*

MCELROY was indicted in September, 1868, by the grand jury of Deer Lodge county. The indictment alleged "that James McElroy, an acting justice of the peace for Elk township, in the county  *  *  *  while acting in that capacity as such officer in said township,  *  *  *  willfully did receive and take fees not allowed by law from  *  *  *  in the case of  *  *  *  then and there had and held before him to do and execute his duty as such officer therein, and then and there, at the time aforesaid, willfully and corruptly did ask and demand fees not allowed by law from  *  *  * in the case of  *  *  *  as a condition precedent to the performance of his duties as such officer  *  *  *  ."

The defendant moved to quash the indictment because it did not state facts sufficient to constitute a public offense. The court, KNOWLES, J., sustained the motion and the defendant was discharged. The Territory appealed.

W. J. STEPHENS, District Attorney, Second District, for appellant.

It is sufficient to state generally in the indictment that defendant is such officer without setting forth his appointment. Proof that defendant has acted as such officer is sufficient. 2 Chit. Cr. L. 259.

There is no conflict between section 110 of the criminal practice act, making it criminal to officiate, and section 112, making it criminal for such officer to receive fees not allowed by law.

He who usurps an office is in by his own wrong, and cannot defeat an action for taking illegal fees by proving that he is not such officer. "No person can take advantage of his own wrong."

SHARP & NAPTON, for respondent.

The indictment is found under section 112 of the criminal practice act. The very essence of the offense is, that the defendant, being a duly elected and qualified officer, received illegal fees, etc. The indictment only shows that he was an "acting officer." 1 Whart. Am. Cr. L., §§ 285, 1289 and 1292.

It would be no defense under this indictment to prove that the defendant was not a lawfully authorized and qualified officer. Usurpation of the duties or functions of an officer is made an offense by section 110 of the criminal practice act.

WARREN, C. J. This was an indictment under the statute against the respondent, as a justice of the peace, for willfully receiving fees not allowed by law. The indictment was defective in not alleging in the language of the statute that the defendant was such officer. This allegation might have been supported by proof that he acted as such.

The order of the court below is affirmed.

*Exceptions overruled.*

KNOWLES, J., concurred.